1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***E-FILED - 7/3/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY LYNN COBB, | ) | No. C 06-6372 RMW (PR) |
| Plaintiff, | ) | |
| | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| JEANNE WOODFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the constitutionality of discipline he received for violating prison rules. The court concludes that the complaint does not state a cognizable claim under 42 U.S.C. § 1983. Accordingly, the complaint will be dismissed.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v.

1  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

2        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1)

3  that a right secured by the Constitution or laws of the United States was violated and (2)

4  that the violation was committed by a person acting under the color of state law.  See

5  West v. Atkins, 487 U.S. 42, 48 (1988).

6  B.     Plaintiff's Claims

7        Plaintiff claims that he was disciplined in prison for "selling beds," i.e. for moving

8  inmates in exchange for money, based on false evidence.  According to plaintiff, part of

9  his punishment was the forfeiture of 120 days of "good time credits."

10        "'Federal law opens two main avenues to relief on complaints related to

11  imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the

12  Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges

13  to the lawfulness of confinement or to particulars affecting its duration are the province of

14  habeas corpus.'"  Hill v. McDonough, 126 S. Ct. 2096, 2101 (2006) (quoting Muhammad

15  v. Close, 540 U.S. 749, 750 (2004)).  A claim that would necessarily imply the invalidity

16  of a prisoner's conviction or continuing confinement must be brought in a habeas petition.

17  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A claim involving the loss of good time

18  credits affects the duration of a prisoner's custody, a determination of which may likely

19  result in entitlement to an earlier release, and thus must be brought in habeas.  See

20  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Young v. Kenny, 907 F.2d 874,

21  876-78 (9th Cir. 1990); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989).

22  Plaintiff's claims in this case challenging the constitutionality of the discipline would, if

23  successful, result in the reinstatement of his good time credits and thereby affect the

24  duration of his custody.  Thus, the claim must be brought in a habeas petition.

25        While a district court may construe a habeas petition by a prisoner attacking the

26  conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, the opposite

27  is not true, however:  A civil rights complaint seeking habeas relief should be dismissed

28  without prejudice to bringing it as a petition for writ of habeas corpus.  See Trimble v.

1 | <u>City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995).

2 |      If plaintiff wishes to challenge the constitutionality of his prison discipline and loss

3 | of good time credits, he must do so in a petition for a writ of habeas corpus.  Before he

4 | may file a federal petition, however, plaintiff must exhaust state judicial remedies, either

5 | on direct appeal or through collateral proceedings, by presenting the highest state court

6 | available with a fair opportunity to rule on the merits of each and every issue he seeks to

7 | raise in federal court.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A),(c); <u>Duckworth v. Serrano</u>, 454

8 | U.S. 1, 3 (1981).

9 | **CONCLUSION**

10 |      The instant action is DISMISSED without prejudice to plaintiff filing a habeas

11 | action challenging the legality of his state criminal conviction after he has exhausted his

12 | available administrative and judicial remedies.  The clerk shall enter judgment and close

13 | the file.

14 |      IT IS SO ORDERED.

15 | DATED: _____7/1/08_____

16 | _____
RONALD M. WHYTE
United States District Judge