1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 8/18/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY LYNN COBB, | ) | No. C 06-6372 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION |
| vs. | ) ) | FOR RECONSIDERATION |
| | ) ) | |
| JEANNE WOODFORD, et al., | ) | (Docket No. 11) |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the constitutionality of discipline he received for violating prison rules. The complaint was dismissed without prejudice because the complaint challenged disciplinary proceedings that resulted in loss of good time credits. Plaintiff has filed a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which, for the reasons explained below, will be DENIED.

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have

1  been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of

2  the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.  Fed.

3  R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).

4  Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary;

5  mere dissatisfaction with the court's order or belief that the court is wrong in its decision

6  are not adequate grounds for relief.  See Twentieth Century - Fox Film Corp. v.

7  Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

8      Plaintiff fails to allege the provision of such rule under which reconsideration is

9  warranted; he alleges no new evidence that could not have been discovered with due

10  diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse

11  party, and no voiding of the judgment.  Plaintiff does not provide any other reason

12  justifying relief.

13      Because plaintiff challenged disciplinary findings that had resulted in the loss of

14  good time credits, the court dismissed the complaint without prejudice to plaintiff's

15  bringing his challenge in a habeas action.  A claim involving the loss of good time credits

16  affects the duration of a prisoner's custody, a determination of which may likely result in

17  entitlement to an earlier release, and thus must be brought in habeas.  See Butterfield v.

18  Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).  Plaintiff argues that the present action should

19  have been allowed to continue based on plaintiff's claim for money damages for the

20  alleged violation of his rights in connection with his discipline.  However, until and

21  unless the prison disciplinary findings are expunged on appeal, vacated by a petition for a

22  writ of habeas corpus, or are otherwise invalidated, plaintiff may not seek money

23  damages for any alleged constitutional violations in connection with disciplinary

24  proceedings that resulted in the loss of good time credits..  See Sheldon v. Hundley, 83

25  F.3d 231, 233 (8th Cir. 1996) (Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), bars a

26  claim for money damages based on unconstitutional deprivation of time credits because

27  such a claim necessarily calls into question the lawfulness of the plaintiff's continuing

28  confinement, i.e., it implicates the duration of the plaintiff's sentence); see also Edwards

1   v. Balisok, 520 U.S. 641, 645 (1997) (Heck also bars a claim for using the wrong Wolff

2   v. McDonnell, 418 U.S. 539 (1974), procedures in a disciplinary hearing that resulted in

3   the deprivation of time credits if "the nature of the challenge to the procedures [is] such as

4   necessarily to imply the invalidity of the judgment.").  Consequently, plaintiff's damages

5   claims based on the alleged violation of his rights in connection with his discipline, which

6   resulted in the loss of good time credits, are properly dismissed without prejudice.

7          Accordingly, plaintiff's motion for reconsideration (Docket No. 11) is DENIED.

8          IT IS SO ORDERED.

9   DATED: __8/15/08_____                    _Ronald M. Whyte_____

10                                            RONALD M. WHYTE
                                              United States District Judge

Order Denying Reconsideration
G:\PRO-SE\SJ.Rmw\CR.06\Cobb372rec.wpd