*E-FILED - 6/24/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY L. COBB,<br><br>    Plaintiff,<br><br> v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants. | No. C 06-6372 RMW (PR)<br><br>ORDER AFTER REMAND RE-OPENING CASE; ORDER OF PARTIAL DISMISSAL; DISMISSAL WITH LEAVE TO AMEND OR NOTIFY COURT OF INTENT TO PROCEED WITH ORIGINAL COMPLAINT |

On September 7, 2006, plaintiff, proceeding pro se, filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983 in the Southern District of California. On October 11, 2006, the case was transferred to this court. On July 3, 2008, in its initial screening review, the court dismissed the complaint, and entered judgment the same day. On March 18, 2011, the Ninth Circuit vacated the order of dismissal and judgment and remanded. For the reasons stated below, the court re-opens the case, orders the complaint partially dismissed, and grants plaintiff leave to amend. Alternatively, plaintiff shall file a notice that he intends to proceed only with the cognizable claim discussed below.

**DISCUSSION**

A.   <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner

1  seeks redress from a governmental entity or officer or employee of a governmental entity. See
2  28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss
3  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
4  seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §
5  1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v.
6  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

7      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
8  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
9  the alleged violation was committed by a person acting under the color of state law. See West v.
10 Atkins, 487 U.S. 42, 48 (1988).

11 B.    Plaintiff's Claims

12     Plaintiff claims that in August 2003, he was issued a rules violation report ("RVR")
13 charging him with extortion. (Complaint at 1-2.) Plaintiff asserts that defendants fabricated and
14 falsified investigative reports, and that the RVR and disciplinary hearing were based on those
15 false statements. (Id. at 3.) In September 2003, defendants found plaintiff guilty of extortion.
16 (Id., Ex. F.) Thereafter, plaintiff filed an administrative appeal, alleging that the proceeding
17 violated his right to due process and specific California regulations. (Id., Ex. G.) At the
18 Director's level of review, plaintiff's appeal was partially granted. The Director's response
19 vacated the guilty finding, and directed that plaintiff be re-charged instead with bribery. (Id. at
20 5, Ex. J.) Before the RVR re-issued, plaintiff alleges that he was transferred to a more restrictive
21 facility based on his pursuit of administrative appeals. (Id. at 4-5.) On April 22, 2004, plaintiff
22 was charged with bribery, as directed by the Director's level of review. (Id. at 5.) On May 25,
23 2004, plaintiff was found not guilty of bribery, and the RVR was dismissed. (Id. at 5-6, Ex. K.)

24     Plaintiff claims while he was pursuing his administrative remedies, defendants retaliated
25 against him by transferring him to a more restrictive facility. Even though disciplinary transfers
26 without due process are generally permissible, prison officials cannot transfer a prisoner from
27 one correctional institution to another in order to punish him for exercising his constitutional
28 rights. See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). Thus, liberally construed,

plaintiff states a cognizable claim for relief.

Plaintiff also alleges that the disciplinary proceeding deprived him of due process, freedom of movement/association, access to courts, and violated his right to be free from cruel and unusual punishment. (Complaint at 3-5.) Plaintiff's claim that he was denied freedom of movement/association is DISMISSED with leave to amend. Plaintiff fails to provide any factual allegations to support such a claim.

Plaintiff also alleges that he was denied access to the courts. However, to establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-55 (1996). To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim through the initiation of a court action concerning his conviction or conditions of confinement. See id. at 354-55. Plaintiff fails to provide any factual allegations to support such a claim. Plaintiff's access to courts claim is DISMISSED with leave to amend.

Plaintiff also claims that the disciplinary proceeding violated his right to be free from cruel and unusual punishment. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297). Plaintiff fails to provide any factual allegations to support such a claim. Plaintiff's claim that defendants violated his right to be free from cruel and unusual punishment is DISMISSED with leave to amend.

Finally, plaintiff alleges that the disciplinary proceeding deprived him of due process. To the extent plaintiff means that defendants filed false charges against him, this fails to state a claim because a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). The Fourteenth Amendment entitles a prisoner to certain due process protections when he is charged with a disciplinary violation,

1  including the right to call witnesses.  See Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir.
2  2003) (citing Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974)).  However, these protections
3  only attach when the disciplinary action implicates a prisoner's protected liberty interest.
4  Serrano, 345 F.3d at 1078.

5       Interests protected by the Due Process Clause may arise from two sources -- the Due
6  Process Clause itself and laws of the states.  See Meachum v. Fano, 427 U.S. 215, 223-27
7  (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected
8  manner implicate the Due Process Clause itself, whether or not they are authorized by state law.
9  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Deprivations authorized by state law that are
10 less severe or more closely related to the expected terms of confinement may also amount to
11 deprivations of a procedurally protected liberty interest, provided that (1) state statutes or
12 regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the
13 inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  See
14 id. at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that
15 imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of
16 prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a]
17 sentence," id. at 487.  If the deprivation is one of "real substance," Wolff's procedural
18 protections must be afforded.

19      Plaintiff has not alleged any specific harm that resulted from the disciplinary decision,
20 and fails to provide any factual allegations to support such a claim.  Plaintiff's claim that
21 defendants violated his right to due process is DISMISSED with leave to amend.

22      Accordingly, the court grants plaintiff leave to file an amended complaint **within thirty**
23 **(30) days** of the date this order is filed, to address the deficiencies set forth above if he can do so
24 in good faith**.  In the alternative**, within thirty (30) days of the date this order is filed, plaintiff
25 may file a notice with the court stating that he intends to proceed only with the cognizable
26 retaliation claim in this original complaint.  Because an amended complaint completely replaces
27 the original complaint, plaintiff must include in it all the claims he wishes to present.  See Ferdik
28 v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. The clerk shall RE-OPEN this case.

2. Plaintiff shall file an amended complaint **within thirty (30) days** from the date this order is filed. **In the alternative**, **within thirty (30) days** from the date this order is filed, plaintiff may file a notice with the court stating that he intends to proceed with the one cognizable claim as found by the court.

An amended complaint must include the caption and civil case number used in this order (C 06-6372 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik, 963 F.2d at 1262 (9th Cir. 1992).

Plaintiff may not incorporate material from the original complaint, such as supporting documentation or exhibits, by reference. Plaintiff must include all of his claims, including the cognizable claims set forth above, in the amended complaint. **Failure to file an amended complaint or file a notice with the court in compliance with this order within the designated time will result in the court proceeding with the cognizable claim in the original complaint as stated in this order.**

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 6/24/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge