IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY L. COBB, | ) | No. C 06-6372 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; ORDER OF |
| v. | ) | SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| | ) | DISPOSITIVE MOTION OR |
| JEANNE WOODFORD, et al., | ) | NOTICE REGARDING SUCH |
| | ) | MOTION |
| Defendants. | ) | |
| | ) | |

   Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses several claims, and orders service upon named defendants.

**DISCUSSION**

A.   Standard of Review

   A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. Plaintiff's Claims

Plaintiff claims that in August 2003, he was issued a rules violation report ("RVR") charging him with extortion. Plaintiff asserts that defendants fabricated and falsified investigative reports, and that the RVR and disciplinary hearing were based on those false statements. In September 2003, defendants found plaintiff guilty of extortion. Thereafter, plaintiff filed an administrative appeal, alleging that the proceeding violated his right to due process and specific California regulations.

Prior to the resolution of his administrative appeal at the Director's level, plaintiff alleges that he was unlawfully transferred from the Level II facility to the more secure Level III facility in retaliation for pursuing administrative greivances.

At the Director's level of review, plaintiff's appeal was partially granted. The Director's response vacated the guilty finding, and directed that plaintiff be re-charged instead with bribery. Before the RVR re-issued, plaintiff alleges that he was transferred to a more restrictive facility based on his pursuit of administrative appeals. On April 22, 2004, plaintiff was charged with bribery, as directed by the Director's level of review. On May 25, 2004, plaintiff was found not guilty of bribery, and the RVR was dismissed.

Plaintiff claims while he was pursuing his administrative remedies, defendants retaliated against him by transferring him to a more restrictive facility. Even though disciplinary transfers without due process are generally permissible, prison officials cannot transfer a prisoner from one correctional institution to another in order to punish him for exercising his constitutional rights. See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). Thus, liberally construed, plaintiff states a cognizable claim for relief of retaliation.

Plaintiff also alleges that the disciplinary proceeding deprived him of due process and equal protection. The court has already advised plaintiff that an allegation that defendants filed

1  false charges against him fails to state a claim.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th
2  Cir. 1989).  The court has also advised plaintiff that Fourteenth Amendment protections only
3  attach when the disciplinary action implicates a prisoner's protected liberty interest.  Serrano v.
4  Francis, 345 F.3d 1071, 1079 (9th Cir. 2003) (citing Wolff v. McDonnell, 418 U.S. 539, 564-71
5  (1974)).

      Interests protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and laws of the states.  See Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  See Sandin v. Conner, 515 U.S. 472, 484 (1995).  Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance."  See id. at 477-87.  Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.  If the deprivation is one of "real substance," Wolff's procedural protections must be afforded.

      Here, plaintiff merely states that, as a result of his disciplinary proceeding, he was sentenced to 10 days confinement in his quarter, 90 days loss of yard, 90 days loss of library, 90 days loss of canteen, and 90 days loss of phones.  These are not the atypical or significant hardships sufficient to trigger due process protections.  See, e.g., Sandin, 515 U.S. at 485-86 (inmate's thirty-day placement in disciplinary segregation, where conditions mirrored conditions imposed upon inmates in administrative segregation and protective custody, did not result in type of atypical, significant deprivation for which state might create liberty interest; nor did situation present case where state's action would inevitably affect duration of sentence); Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000) (placement in SHU detention pending disciplinary hearing

1  did not give rise to a liberty interest where plaintiff failed to allege that his conditions of
2  confinement were materially different from those imposed on inmates in administrative
3  segregation or in the general population); <u>Mujahid v. Meyer</u>, 59 F.3d 931, 932 (9th Cir. 1995)
4  (despite prior case law determining disciplinary regulations created liberty interest, under <u>Sandin</u>
5  no liberty interest when inmate placed in disciplinary segregation for 14 days). Accordingly, the
6  court dismisses plaintiff's due process claim.

7  Plaintiff also claims that defendants targeted him for disciplinary action because they
8  were motivated by racial factors. When challenging his treatment with regard to other prisoners,
9  courts have held that in order to present an equal protection claim a prisoner must allege that his
10  treatment is invidiously dissimilar to that received by other inmates. <u>More v. Farrier</u>,
11  984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts
12  should defer to judgment of prison officials). This applies to claims of racial discrimination:
13  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from
14  invidious discrimination based on race." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974)
15  (citation omitted). Invidious racial discrimination such as racial segregation, which is
16  unconstitutional outside prisons, also is unconstitutional within prisons. <u>See</u> <u>Johnson v.</u>
17  <u>California</u>, 543 U.S. 499, 505-06 (2005). A prison classification based on race is immediately
18  suspect and is subject to the same strict scrutiny as a racial classification outside prison. <u>See</u> <u>id.</u>
19  at 508-10. Liberally construed, plaintiff's equal protection claim states a cognizable claim for
20  relief.

21  Finally, plaintiff also claims that the transfer to a more secure classification violated his
22  right to be free from cruel and unusual punishment. The Eighth Amendment's prohibition
23  against cruel and unusual punishment is not violated by classification programs which pursue
24  "important and laudable goals" and are instituted under the state's authority to operate
25  correctional facilities. <u>See</u> <u>Neal v. Shimoda</u>, 131 F.3d 818, 833 (9th Cir. 1997) (classification
26  program designed to treat and reduce recidivism of sex offenders is well within state's authority
27  to operate correctional facilities and does not violate contemporary standards of decency). Nor
28  does misclassification inflict pain so as to be cruel and unusual punishment violative of the

Eighth Amendment. See Hoptowit v. Ray, 682 F.2d 1237, 1255-56 (9th Cir. 1982). Accordingly, the court DISMISSES plaintiff's cruel and unusual punishment claim because it fails to state a claim. Because the court previously granted plaintiff an opportunity to amend his complaint to assert a cognizable Eighth Amendment claim, it will not do so again. The court finds that leave to amend would be futile.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's due process and cruel and unusual punishment claims are DISMISSED without leave to amend.

2. The clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 23), all attachments thereto, and copies of this order on **JEANNE WOODFORD, Director in Sacramento, California; WARDEN SOLIS; ASSOCIATE WARDEN J. BROWN; ASSOCIATE WARDEN J. HILL; CAPTAIN J. CLANCY; HEARING OFFICER M. BURCH; SEGEANT E. BORLA; CORRECTIONAL OFFICER M. GARZA; CORRECTIONAL OFFICER S. CRIVELLO at California Training Facility in Soledad, California.** The clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the amended complaint to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

    a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor**

**qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

      4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

      a.      In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.      In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some

1  or all of the discovery plaintiff might seek. In addition, no motion to compel will be considered
2  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
3  Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer
4  with defendants in person. Rather, if his discovery requests are denied and he intends to seek a
5  motion to compel he must send a letter to defendants to that effect, offering them one last
6  opportunity to provide him with the sought-after information.

7     9.   It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
8  and all parties informed of any change of address and must comply with the court's orders in a
9  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
10 pursuant to Federal Rule of Civil Procedure 41(b).

11    IT IS SO ORDERED.
12 DATED:  _____         *Ronald M. Whyte*
                                RONALD M. WHYTE
13                              United States District Judge

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
N:\10.10 work\Cobb372dissrv.wpd          8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LYNN COBB, | Case Number: CV06-06372 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| JEANNE WOODFORD et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 24, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry L. Cobb J57654
Ironwood State Prison
B1-104L
P.O. Box 2199
Blythe, CA 92226

Dated: October 24, 2011

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk