**E-FILED on 8/30/12**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY L. COBB, | No. C 06-6372 RMW (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| JEANNE WOODFORD, et al., | |
| Defendants. | |

On September 7, 2006, plaintiff, proceeding pro se, filed a federal civil rights complaint pursuant to 42 U.S.C. § 1983 in the Southern District of California. On October 11, 2006, the case was transferred to this court. On July 3, 2008, in its initial screening review, the court dismissed the complaint, and entered judgment the same day. On March 18, 2011, the Ninth Circuit vacated the order of dismissal and judgment and remanded. On August 29, 2011, plaintiff filed an amended complaint. On October 24, 2011, the court partially dismissed the amended complaint and ordered service upon named defendants.

On January 23, 2012, defendants filed a motion to dismiss and motion for summary judgment. Although given an opportunity, plaintiff has not filed an opposition.[1] After reviewing

---

[1] On July 31, 2012, the court offered plaintiff the opportunity to file a supplemental opposition, in light of *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Plaintiff has not filed a supplemental opposition.

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.Rmw\CR old\CR.06\Cobb372mtdexh.wpd

the pleadings, and for the reasons stated below, the court GRANTS defendants' motion to dismiss.

## BACKGROUND

On August 21, 2003, prison staff received information that plaintiff, who was working as an "X-Wing movement clerk" was selling vacant bed spaces to inmates, who were waiting for available bed space, for $10.00. (Am. Compl. at Ex. A.) Prison staff investigated the claim, and obtained three confidential sources corroborating the allegation that plaintiff was indeed offering available bed spaces for sale. (Id.) On September 11, 2003, a Rules Violation Report ("RVR") was written, charging plaintiff with extortion. (Id.) The RVR stated that Source #1 reported that plaintiff solicited him for a bed space if Source #1 would give plaintiff $10.00 worth of canteen items or stamps. (Id.) Source #2 reported that he agreed to pay plaintiff items from the canteen, and, in return, plaintiff moved Source #2 out of X-Wing before other inmates, who had been waiting longer. (Id.) Source #3 reported that plaintiff was asking "white inmates" for $10.00 in canteen items, in exchange for plaintiff moving them out of the wing, even before other inmates who had been waiting longer. (Id.)

On September 25, 2003, plaintiff was found guilty of extortion. (Id., Ex. C.) On October 12, 2003, plaintiff filed an administrative appeal ("602") challenging the guilty finding. (Id., Ex. F.) Plaintiff complained that he was denied proper notice under the California rules. (Id.) He further argued that the confidential sources were not reliable or independent, and were vague in terms of their descriptions of what occurred. (Id.) Plaintiff also claimed that there was no evidence that he "obtained money from another," which was a required element of extortion. (Id.) Finally, plaintiff argued that he was not provided one of the staff member's statements, and refuted the hearing officer's findings as deficient. (Id.) The first level of review bypassed plaintiff's 602, and the second level of review denied it. (Id.) Plaintiff appealed that decision, arguing that the second level response failed to address several of plaintiff's issues. (Id., Ex. H.) At the Director's Level of Review, plaintiff's 602 was partially granted. (Id., Ex. I.) The

decision determined that extortion was not the appropriate charge, and, inter alia, ordered the RVR reissued and reheard with the charge of bribery rather than extortion, and directed the hearing officer to "carefully reevaluate the confidential memorandums and reliability of the sources." (Id.)

On May 25 and June 13, 2004, plaintiff received his renewed RVR hearing on the charge of bribery. (Id., Ex. J.) Plaintiff was found not guilty of bribery, and the RVR was dismissed. (Id.)

## DISCUSSION

In his federal complaint, plaintiff alleges that; (1) defendants targeted plaintiff for disciplinary action because they were motivated by racial factors, in violation of the Equal Protection Clause, and (2) defendants retaliated against plaintiff by transferring him to a more restrictive facility because he was pursuing his administrative remedies.

In their motion to dismiss, defendants argue that both of plaintiff's claims are unexhausted. Defendants also argue that plaintiff's equal protection clause fails to state a claim, that plaintiff's claim against defendant Woodford in her official capacity must be dismissed, that plaintiff failed to establish supervisory liability against defendants Solis and Brown, and that all defendants are entitled to qualified immunity. Because the court grants defendants' motion to dismiss based on the failure to exhaust, it will not address defendants' other arguments.

A.  Standard of Review

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without

1 prejudice. Id. at 1120.

2 The State of California provides its prisoners and parolees the right to appeal
3 administratively "any policy, decision, action, condition, or omission by the department or its
4 staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or
5 her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust
6 available administrative remedies within this system, a prisoner must proceed through several
7 levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal
8 form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the
9 Director of the California Department of Corrections and Rehabilitation ("Director"). See Barry
10 v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).
11 A final decision from the Director's level of review satisfies the exhaustion requirement under
12 Section 1997e(a). See Barry, 985 F. Supp. at 1237-38.

13 Defendants have the burden of raising and proving the absence of exhaustion, and
14 inmates are not required to specifically plead or demonstrate exhaustion in their complaints.
15 Jones v. Bock, 549 U.S. 199, 215-17 (2007). As there can be no absence of exhaustion unless
16 some relief remains available, a movant claiming lack of exhaustion must demonstrate that
17 pertinent relief remained available, whether at unexhausted levels or through awaiting the results
18 of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37
19 (9th Cir. 2005).

20 B.     Analysis

21 Compliance with prison grievance procedures is all that is required by the PLRA to
22 "properly exhaust." Jones, 549 U.S. at 217-18. In California, the regulation requires the
23 prisoner "to lodge his administrative complaint on CDC form 602 and 'to describe the problem
24 and action requested.'" Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code
25 Regs. tit. 15 § 3084.2(a)). Where a prison's grievance procedures do not specify the requisite
26 level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison
27 to the nature of the wrong for which redress is sought.'" Griffin v. Arpaio, 557 F.3d 1117, 1120
28 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance

1  need not include legal terminology or legal theories unless they are needed to provide notice of
2  the harm being grieved. Id. Nor must a grievance include every fact necessary to prove each
3  element of an eventual legal claim. Id. The purpose of a grievance is to alert the prison to a
4  problem and facilitate its resolution, not to lay groundwork for litigation. Id. The grievance
5  should include sufficient information "to allow prison officials to take appropriate responsive
6  measures." Id. (citation and internal quotation omitted).

7       Here, plaintiff's 602 complained that the confidential sources used to support a guilty
8  finding for extortion were unreliable. (Am. Compl., Ex. F.) His 602 did not accuse defendants
9  of targeting him for an RVR based on his race. In fact, plaintiff does not challenge defendants'
10 motivation within his 602 appeal. (Id.) Rather, plaintiff's 602 focuses on the trustworthiness of
11 the confidential sources, the substance of the evidence, and the hearing itself. (Id.) Plaintiff's
12 602 failed to mention or theorize his federal claim that he believed he was charged with extortion
13 because defendants engaged in racial discrimination. The only mention of race in plaintiff's two
14 to three page administrative appeal is when plaintiff claimed that defendant Crivello only
15 questioned the "white inmates" and not the "black, mexican and other inmates" [sic] about
16 whether plaintiff tried to sell them beds. (Am. Compl., Ex. F.) However, a full reading of the
17 record demonstrates that it was initially reported by Source # 3 that plaintiff had solicited only
18 "white inmates" with the offer to move them out of the wing before other inmates. (Am. Compl.
19 Ex. B.)

20      Even liberally construed, this appeal cannot have alerted prison officials that plaintiff
21 believed prison officials were targeting him for disciplinary action because they were motivated
22 by racial factors, in violation of the Equal Protection Clause. See Griffin, 557 F.3d at 1120. In
23 addition, the evidence shows that plaintiff filed no administrative appeals regarding an equal
24 protection violation stemming from the extortion charge. (Decl. Pherigo at ¶ 4.) Because no 602
25 appeal put prison officials on notice of plaintiff's claim that defendants were violating plaintiff's
26 right to equal protection by targeting plaintiff based on his race, see Morton, 599 F.3d at 946,
27 this claim is not exhausted.

28      Along similar lines, none of the allegations raised in plaintiff's 602 relate to his

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.Rmw\CR old\CR.06\Cobb372mtdexh.wpd      5

1 retaliation claim. Plaintiff's federal retaliation claim is that, on January 23, 2004, he was
2 transferred from CTF Central to CTF North – allegedly a more secure facility – in retaliation for
3 his 602 filings. However, the evidence shows that plaintiff had filed no administrative appeals
4 regarding the January 23, 2004 transfer. (Decl. Pherigo at ¶ 5.) Accordingly, plaintiff has not
5 exhausted his retaliation claim.

6     Plaintiff has provided no evidence to the contrary, nor does he argue that he is entitled
7 to any exception to the exhaustion requirement. Thus, because plaintiff has failed to exhaust his
8 administrative remedies prior to filing suit, defendants' motion to dismiss is GRANTED.

## CONCLUSION

10 Defendants' motion to dismiss is GRANTED. Judgment shall be entered in favor of
11 defendants. The clerk shall terminate all pending motions and close the file.

12 IT IS SO ORDERED.
13 DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
14 United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY LYNN COBB,

        Plaintiff,

  v.

JEANNE WOODFORD et al,

        Defendant.

Case Number: CV06-06372 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 30, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jerry L. Cobb J57654
Ironwood State Prison
B1-104L
P.O. Box 2199
Blythe, CA 92226

Dated: August 30, 2012

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk